ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
JASON GREEN                             :    **ECF CASE**

                                        :

                                             05 Civ. 10144 (WCC)
                                        :

                    Plaintiff,
                                        :
    - against -                              **MEMORANDUM & ORDER**
                                        :

RICHARD MILLS, in his official          :
capacity, and NEW YORK STATE PUBLIC
HIGH SCHOOL ATHLETIC ASSOCIATION, INC.  :

               Defendants.              :
- - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

        LAW OFFICES OF MICHAEL H. SUSSMAN
        **Attorney for Plaintiff Jason Green**
        40 Park Place, P.O. Box 1005
        Goshen, NY 10924

MICHAEL H. SUSSMAN, ESQ.

    Of Counsel

        ATTORNEY GENERAL OF THE STATE
         OF NEW YORK
        **Attorney for Defendant Richard Mills**
        120 Broadway
        New York, NY 10271

CLEMENT J. COLUCCI, III, ESQ.

    Of Counsel



**A P P E A R A N C E S :**   (continued)

                                      LAW OFFICES OF RENEE L. JAMES
                                      **Attorney for Defendant New York State Public High School Athletic Association, Inc.**
                                      6216 Turnwood Drive
                                      Jamesville, NY 13078

RENEE L. JAMES, ESQ.

      Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Jason Green, a nineteen year old student at John S. Burke Catholic High School ("Burke"), has commenced this action against defendants Richard Mills, Commissioner of Education and New York State Public High School Athletic Association ("NYSPHSAA") seeking a temporary and permanent injunction permitting him to participate in Burke's 2005-2006 interscholastic basketball season. On December 2, 2005, on notice to the defendants, plaintiff filed an order to show cause seeking a temporary restraining order enjoining defendants from disallowing plaintiff from participating in interscholastic athletics "pending the hearing on plaintiff's application for preliminary injunction and further order of this Court." The temporary restraining order was signed by the Court on December 2, 2005. The hearing on the motion for preliminary injunction was conducted on December 19, 2005.

## BACKGROUND

Plaintiff participated in two years of high basketball at Burke in the 2003-2004 and 2004-2005 seasons. (Complt. ¶ 7.) He was an outstanding player and received letters of interest from several colleges. (*Id.* ¶ 10.) He was unable to play in the 2002-2003 season because he was stabbed while attending the Newburgh Free Academy prior to his transfer to Burke. (*Id.* ¶ 7.) Plaintiff presented evidence to demonstrate that his failure to compete for that season was due to illness, accident or similar circumstance beyond his control. (*Id.* ¶ 8.) Burke applied to NYSPHSAA for a ruling that plaintiff was eligible to play basketball at Burke in the 2005-2006 season, his senior year of high school. (*Id.*) This request was denied because, under the Regulations of the New York State Commissioner of Education § 135.4(c)(ii)(B)(1)(i), plaintiff, having been born on June 18,

1986, was twelve days older than the maximum age for competition in interscholastic athletics during the year in question. (*Id.* ¶¶ 6,8.) Burke appealed this determination without success. (*Id.* ¶ 9.) This action was then commenced.

## DISCUSSION

The temporary restraining order in this case extended at least until December 19, 2005.

> A party seeking judicial extension of an order must move for the extension within the time limitation of the original order, and must show good cause for the extension. Good cause might be continuation of the circumstances of irreparable injury that justified the original order, or such new circumstances as the temporary restraining order might be appropriate to allow the court more time to decide the preliminary injunction question.

STEVEN BAICKER-MCKEE, ET AL., FEDERAL CIVIL RULES HANDBOOK, 1012 (2006).

At the conclusion of the evidentiary hearing on December 19, 2005, the parties were granted leave to submit post-hearing memoranda until January 3, 2006. In the interim, if the temporary restraining order is not extended, Green will lose the opportunity to participate in a Holiday basketball tournament on December 27-28, 2005. Plaintiff's failure to play would cause him irreparable harm by substantially reducing his chances of receiving a scholarship, without which he probably will be unable to attend college. Under the circumstances, we find that justice requires an extension of the temporary restraining order at least until January 3, 2006.

## CONCLUSION

For all of the foregoing reasons, the motion of Jason Green to extend the temporary restraining order is granted.

SO ORDERED.

Dated: White Plains, New York
December 20, 2005

_William C. Conner_
Sr. United States District Judge