UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
JASON GREEN,

      Plaintiff,

  - against -

RICHARD MILLS, Commissioner of
Education, and NEW YORK STATE PUBLIC
HIGH SCHOOL ATHLETIC ASSOCIATION, INC.,

      Defendants.
- - - - - - - - - - - - - - - - - - - X

**ECF CASE**

05 Civ. 10144 (WCC)

**OPINION
AND ORDER**

**A P P E A R A N C E S :**

LAW OFFICES OF MICHAEL H. SUSSMAN
**Attorneys for Plaintiff**
40 Park Place, P.O. Box 1005
Goshen, New York 10924

MICHAEL H. SUSSMAN, ESQ.
  Of Counsel

ELIOT SPITZER
ATTORNEY GENERAL OF THE STATE OF
 NEW YORK
**Attorneys for Defendant
 Richard Mills**
120 Broadway
New York, New York 10271

Clement J. Colucci, Esq.
 Asst. Attorney General
  Of Counsel

LAW OFFICES OF RENEE L. JAMES
**Attorneys for Defendant New York
 State Public High School
 Athletic Association, Inc.**
6216 Turnwood Drive
Jamesville, New York 13078

RENEE L. JAMES, ESQ.
 Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Jason Green, a nineteen-year-old student at John S. Burke Catholic High School ("Burke"), has commenced this action against defendants Richard Mills, Commissioner of Education, and the New York State Public High School Athletic Association ("NYSPHSAA") seeking a permanent injunction permitting him to participate in Burke's 2005-2006 interscholastic basketball season. On December 2, 2005, plaintiff filed an Order to Show Cause seeking a temporary restraining order and preliminary injunction to permit plaintiff to play basketball during the pendency of this action. The temporary restraining order was signed by this Court on December 2, 2005. An evidentiary hearing on the motion for preliminary injunction was conducted on December 19, 2005. At the conclusion of the hearing the parties were granted leave to submit post-hearing memoranda by January 3, 2006. The temporary restraining order was extended from December 19, 2005 to January 3, 2006 to prevent irreparable harm to the plaintiff while this motion was pending. For the reasons stated herein, plaintiff's motion for a preliminary injunction is denied.

## BACKGROUND

NYSPHSAA is a nonprofit organization designed "to provide a central association through which public secondary schools in New York State may cooperate in order to govern interscholastic athletic activities." (Def. NYSPHSAA Suppl. Mem. Opp. TRO at 2.) The New York State Commissioner of Education's Regulations govern NYSPHSAA and its member schools. (*Id.*) Commissioner's Regulation § 135.4(c)(7)(ii)(1) provides a "Duration of Competition Rule," which permits four consecutive years of eligibility for high school students to participate in interscholastic athletics after entering ninth grade, provided they do not turn nineteen after July 1st of the final year.

1

(Hr'g Tr. at 39.) Under this rule, a student entering ninth grade in the year 2000 would be ineligible in 2004. (*Id.*) There is, however, a hardship exception. (*Id.* at 40.) The school district can apply for an extension of eligibility on the student's behalf if the student was denied an opportunity to participate in sports because of an accident or illness. (*Id.*)

Plaintiff participated in two years of high school basketball at Burke in the 2003-2004 and 2004-2005 seasons. (Complt. ¶ 7.) He was an outstanding player and received letters of interest from several colleges. (*Id.* ¶ 10.) He did not play in the 2002-2003 season; he claims that this was because he was stabbed and thereby disabled from play.[1] (*Id.* ¶ 7.) On the basis of the hardship exception, Burke applied to NYSPHSAA for a ruling that plaintiff was eligible to play basketball at Burke in the 2005-2006 season, his senior year of high school. (*Id.* at ¶ 8.) This request was denied because, under § 135.4(c)(ii)(B)(1)(i), plaintiff, having been born on June 18, 1986, was twelve days older than the maximum age for competition in interscholastic athletics during the year in question. (*Id.* ¶¶ 6, 8.) Burke appealed this determination without success. (*Id.* ¶ 9.) This action was then commenced.

Plaintiff raises a § 1983 claim alleging that defendants violated Title VI of the Civil Rights Act of 1964, as amended, by enforcing a racially discriminatory rule that disproportionately impacts African-American and Hispanic students who take longer, on average, to complete high school. (*Id.* at 32.) Plaintiff also alleges that defendants have violated plaintiff's due process rights under the Fourteenth Amendment by rigidly enforcing a racially discriminatory rule, and that Mills acted arbitrarily and capriciously in depriving students the right to participate in sports and thereby gain

---

[1] Defendants contend that plaintiff tried and failed to make the team before he was stabbed. (Van Erk Aff. ¶ 5.)

consideration for scholarships. (*Id.* at 33.)

**DISCUSSION**

I. **Preliminary Injunction Standard**

A party seeking a preliminary injunction must establish: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *See Latino Officers Ass'n v. Safir*, 170 F.3d 167, 171 (2d Cir. 1999); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam). However, the standard is different when a plaintiff is seeking a mandatory injunction, that is, he seeks to "'stay government action taken in the public interest pursuant to a statutory or regulatory scheme.'" *Bery v. City of New York*, 97 F.3d 689, 694 (2d Cir. 1996) (quoting *Plaza Health Labs, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989)) *cert. denied*, *City of New York v. Bery*, 520 U.S. 1251 (1997); *see Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000). When this occurs, the plaintiff must meet a more rigorous test by demonstrating "a clear or substantial likelihood of success on the merits." *Tunick*, 209 F.3d at 70.

II. **Clear or Substantial Likelihood of Success on the Merits**

    A. **Title VI Claim**

During oral argument plaintiff conceded that he has no private right of action to enforce Title VI regulations. (Hr'g Tr. at 47.) Therefore, we will not consider this claim.

3

### B. Due Process Claim

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment protects an individual's property interests. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). To establish a due process violation claim, plaintiff must: (1) specify the property or liberty interest at stake; (2) demonstrate that the government has deprived him of that right; and (3) show that the deprivation was achieved without due process. *See Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir. 1990). In order for plaintiff to prevail upon his claim, he must first establish the existence of a valid property interest. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Protected interests are not created by the Constitution: "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Id.*

It is well established that a participation in interscholastic athletics is a privilege, not a right. *Mo. State High Sch. Activities Ass'n*, 682 F.2d 147, 152 (8th Cir. 1982); *Walsh v. La. High Sch. Athletic Ass'n*, 616 F.2d 152, 159-60 (5th Cir. 1980); *Albach v. Odle*, 531 F.2d 983, 984 (10th Cir. 1976); *Matter of Caso v. NYSPHSAA*, 78 A.D.2d 41, 46, 434 N.Y.S.2d 60, 64 (4th Dep't 1980). Plaintiff relies on *Coleman v. Newburgh Enlarged City School District* for the proposition that "[a] college scholarship is a protected property interest because it advances an opportunity for a student to attend a college or university that he or she would otherwise be unable to attend or afford to attend." 319 F. Supp. 2d 446, 453 (S.D.N.Y. 2004). However, the facts in *Coleman* are distinct from the facts in this case. The plaintiff in *Coleman* had already been offered full scholarships at several universities, which might have been revoked as a result of the district's action. *Id.* The court

4

made clear that the scholarship opportunities the plaintiff stood to lose were "not hypothetical and not potential, they [were] actual scholarship offers." *Id.*

This is not the case here. Green has received only letters of interest, not an actual scholarship offer. Plaintiff cites no other authority, and we have found none, for treating a letter of interest as anything more than a "hypothetical" or "potential" offer. Since plaintiff does not have a property interest at stake, we need not consider the other two elements of the due process claim.

However, even if the opportunity for a scholarship fell under the rubric of a protected property interest plaintiff is seeking a mandatory injunction and must demonstrate "a clear or substantial likelihood of success on the merits." *Tunick*, 209 F.3d at 70. This plaintiff cannot do. Under § 135.4(c)(7)(ii)(1)(i), a student is entitled to four consecutive years of eligibility after entering the ninth grade. Defendants contend that since plaintiff entered ninth grade in 2000, his four years of eligibility expired in 2004. As a student entering his sixth year of eligibility, Green is ineligible for a hardship exception. (Hr'g Tr. at 40.) Moreover, plaintiff turned nineteen on June 18, 2005 and is beyond the maximum age for competition under the regulations.

The Court cannot find that these regulations, even if rigidly enforced, and even if they have greater impact on minority students, are arbitrary or capricious. Their obvious purpose is to provide a level playing field on which high school athletes are competing against opponents of comparable size, maturity and athletic experience. In furtherance of that goal, it is not unreasonable to set limits based on age and number of years of high school athletic eligibility, particularly if the limit on years of eligibility is subject to a hardship exception where a year is lost due to injury or illness. If other exceptions are created in individual cases, NYSPHSAA will be deluged with applications for exceptions and the exceptions could swallow the regulations.

5

The Court is acutely sympathetic with plaintiff's admirable ambition for an athletic scholarship without which he probably will be unable to attend college. We have also been profoundly impressed by the support plaintiff has received from Burke, whose Principal, Athletic Director and Basketball Coach all came to testify on his behalf at the hearing, even though they acknowledged that if this Court ordered that plaintiff could play for Burke and that ruling is reversed on appeal, Burke would forfeit all of the games in which plaintiff played. But we cannot allow our emotions to overwhelm our commitment to apply the law as we see it.

**CONCLUSION**

For all of the foregoing reasons, the motion of plaintiff Jason Green for a preliminary injunction is denied.

SO ORDERED.

Dated: White Plains, New York
January 6, 2006

_____
Sr. United States District Judge